IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY JOHNSON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) NO. 3:19-cv-01022 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

Pending before the Court are Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) and Petitioner's Amended Petition for Relief (Doc. No. 28), filed with the assistance of counsel. The United States responded to the original petition and the amended petition. (Doc. Nos. 22, 34).

For the reasons set forth herein, Petitioner's *pro se* Motion (Doc. No. 1) and Amended Petition (Doc. No. 28) will be **DENIED**, and this action **DISMISSED**.

### I. BACKGROUND

In March 2018, Petitioner was indicted on charges of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) and possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 20 in Criminal Case No. 3:18-cr-58).[1] On February 15, 2019, Petitioner pled guilty to both counts, pursuant to a written plea agreement. (Crim. Doc. Nos. 57, 58). As part of the plea agreement, Petitioner agreed that the parties anticipated that he qualified as a career offender, that his final offense level would be 31, that his Criminal History level was

---

[1] References to documents filed in the underlying criminal case will be referred to as "Crim. Doc. No. __."

VI, and that the Government would recommend a sentence at the low end of the guideline range. (Crim. Doc. No. 58 at PageID# 176-178). As part of the plea agreement, Petitioner waived any right to appeal a sentence within or below the guidelines range as determined by the Court. (*Id*. at PageID# 180). He also waived the right to challenge the sentence imposed in any motion brought pursuant to 28 U.S.C. § 2255. (*Id*.). The plea agreement provides that no waiver of the right to appeal, or to challenge the adjudication of guilt, or the sentence imposed in any collateral attack, "shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." (*Id*.).

In preparation for sentencing, the U.S. Office of Probation and Pretrial Services prepared a Presentence Investigation Report ("PSR"). (Crim. Doc. No. 123 (sealed)). The PSR listed Petitioner's adult criminal history and found Petitioner was a Career Offender and an Armed Career Criminal. (*Id*. at PageID# 858-59; 860-66). The PSR calculated Petitioner's guideline range as a career offender to be 188-235 months. (*Id*. at PageID # 872). However, as an Armed Career Criminal, the statutory minimum term of imprisonment is 15 years, and the maximum term is life. (*Id*. (citing 18 U.S.C. § 924(e))).

On June 7, 2019, the Court sentenced Petitioner to the statutory mandatory minimum sentence of 180 months' imprisonment followed by six years of supervised release. (Crim. Doc. Nos. 70, 71).

In November 2020, Petitioner filed a Motion for the Court to Take Judicial Notice of Belated Proceedings Under Rule 201(b)(2) and a Request for Hearing. (Crim. Doc. Nos. 118, 120). The Court denied the Motion. (Crim. Doc. No. 121). In affirming the Court's decision, the Sixth Circuit found that there was no basis to challenge the voluntariness of the appellate waiver

provision in the plea agreement and that, under the terms of the plea agreement, Petitioner had "waived the right to challenge the sentence imposed 'in any collateral attack.'" (Crim. Doc. No. 129 at 3 (finding a request for resentencing through a vehicle other than direct appeal is a collateral attack)).

Now before the Court is Petitioner's motion to vacate and amended petition arguing that his trial attorney rendered ineffective assistance of counsel by failing to object to the finding that Petitioner is an Armed Career Criminal and the resulting mandatory minimum 180-month sentence and failing to file a notice of appeal challenging the sentence.

## II. LEGAL STANDARD

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

To prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984);

3

*Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 669; *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. at 669.

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States,* 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007)).

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claims does not require the resolution of any factual dispute.

4

## III. ANALYSIS

### A. Notice of Appeal

Petitioner contends counsel failed to file a notice of appeal. An attorney has a "constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477. Under these circumstances, a defendant is typically entitled to a delayed appeal. *Id*.

Petitioner argues that he is entitled to a delayed appeal because he directed his attorney to file a notice of appeal and his attorney did not do so. (Doc. No. 1 at PageID# 4). In the Amended Petition filed through counsel, counsel for Petitioner clarified that Petitioner's recollection regarding his conversation with his attorney about an appeal was as follows: "The last time me and him talked about the appeal was at the end of my sentencing hearing. We walked out into the hallway and he told me that it was something going around in the prison and he didn't know what it was but he prob[ab]ly could get me some play in four to five years because federal laws change all the time." (Doc. No. 28 at PageID# 77). Although Petitioner argues that he gave his attorney instructions to file an appeal, his recollection of their conversation does not support this argument.

By contrast, his attorney, Kerry Haymaker, provided a sworn affidavit stating that he "does not recall the Petitioner requesting that a Notice of Appeal be filed in his case." (Affidavit of Kerry Haymaker, Doc. No. 22-1). Mr. Haymaker stated that it is his practice to ask clients whether they

5

chose to appeal a sentence and that if Petitioner had requested a Notice of Appeal be filed, counsel would have done so. (*Id.*). Mr. Haymaker added that he believed Petitioner was subject to a mandatory minimum sentence under the Armed Career Criminal Statute, and that he counseled the Petitioner "extensively to make sure that the Petitioner was aware of his sentencing exposure." (*Id.*).

On this record, the Court finds there are no questions of fact concerning Petitioner's communications with counsel regarding filing a Notice of Appeal; therefore, a hearing is not necessary. *See Pola v. United States*, 778 F.3d 525, 532-33 (6th Cir. 2015). The evidence in the record indicates that Petitioner did not expressly instruct his attorney to file a Notice of Appeal; nor, given the broad waivers in the plea agreement of the right to appeal, did Petitioner reasonably demonstrate that he wished to appeal his sentence. Finally, for the reasons stated *infra* in Section III.B., there were no non-frivolous grounds to appeal Petitioner's designation as an Armed Career Offender under 18 U.S.C. § 924(e)(1) and his statutory minimum sentence of 180 months.

Accordingly, the failure to file a Notice of Appeal under these circumstances was not ineffective assistance of counsel.

**B. Armed Career Criminal Act**

Petitioner claims he was incorrectly sentenced as an Armed Career Offender. (Doc. No. 28). The Armed Career Criminal Act ("ACCA") creates enhanced sentences for felons who possess firearms and have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The statute provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions

> different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). The statute defines "serious drug offense" as including:

> [A]n offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A)(ii).

The records show that Petitioner was convicted of three predicate serious drug offenses: (1) on October 16, 1992, Petitioner was sentenced in Williamson County Criminal Court, Franklin, Tennessee, for Possession of Controlled Substance with Intent to Sell or Deliver, a Class B felony; (2) on July 15, 2004, Petitioner was sentenced in Rutherford County Criminal Court, Murfreesboro, Tennessee for Possession of Over 0.5 Grams of Cocaine with Intent, a Class B felony; and (3) on February 10, 2011, Petitioner was sentenced in Davidson County Criminal Court, Nashville, Tennessee, for Possession with Intent to Sell Over 26 Grams of Cocaine, a Class A felony. (*See* Crim. Doc. No. 123 (sealed) at PageID# 858; Doc. Nos. 28-1, 28-3, 28-6 (copies of the judgments entered these cases)).

To determine the maximum term of imprisonment for the above-cited offenses, the Court looks to: (1) the offense's class of felony; and (2) the offender's range tier at the time of sentencing. *United States v. Rockymore*, 909 F.3d 167 (6th Cir. 2018). Petitioner's convictions were for one Class A felony and two Class B felonies. The Tennessee Code provides that the maximum penalty under the lowest range tier (Range I) for Class A and B felonies, respectively, is 25 years and 12

7

years.[2] Tenn. Code Ann. § 40-35-112. Accordingly, these three convictions, each of which had a maximum term of imprisonment of more than 10 years, are qualifying predicate offenses under the ACCA.

Based on the evidence of these convictions, Petitioner is an Armed Career Offender under the ACCA and is, therefore, subject to a statutory mandatory minimum sentence of 15 years imprisonment. Having determined that Petitioner is an Armed Career Criminal, the Court need not consider whether Petitioner also qualifies as a Career Offender under the United States Sentencing Guidelines § 4B1.1.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's challenge to his designation as an Armed Career Criminal and his sentence to the mandatory minimum term of imprisonment required by the ACCA fails. Consequently, Petitioner has not shown deficient performance by his trial attorney, or any prejudice based on his attorney's failure to object to the PSR or the Court's finding that Petitioner is subject to a 15-year mandatory minimum sentence under 18 U.S.C. § 924(e), or for not filing a notice of appeal on these grounds. *See Strickland*, 466 U.S. at 668.

Accordingly, Petitioner's Motion and Amended Petition (Doc. Nos. 1, 28) will be **DENIED**, and this action **DISMISSED**.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Tennessee Code establishes three range tiers. Range I is the lowest tier. Ranges II and III have progressively higher sentencing ranges. Tenn. Code Ann. § 40-35-112.